UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LEAR CORPORATION EEDS AND INTERIORS<br>and RENOSOL SEATING, LLC<br><br>Defendants. | FILE NO. 15-205-CG-M |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff Thomas E. Perez, Secretary of Labor for the United States Department of Labor ("the Secretary"), applies pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 11(c) of the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. §660(c), for a temporary restraining order ("TRO"), and an order for Defendants Lear Corporation EEDS and Interiors ("Lear") and Renosol Seating, LLC ("Renosol") (collectively "Defendants" or "the Company") to show cause why a preliminary injunction should not be issue, enjoining them from violating the anti-retaliation provision of Section 11(c) of the OSH Act, 29 U.S.C. §660(c).

This request is urgent. The Secretary's investigation and future enforcement action are threatened with irreparable harm if Defendant is allowed to continue to retaliate against employees for exercising their right to provide information to the Secretary and others regarding concerns relating to occupational safety and health, including but not limited to: air quality,

chemical exposure, and health effects thereof. Defendants have been engaging in such retaliation through various means including: harassment; interference; termination and suspension or threats thereof; and retaliatory litigation. Such behavior interferes with witness participation not only in this investigation and enforcement action, but also in other cases by deterring other workers from exercising their right to communicate with the government, their employer, or others without fear of retaliation. Defendants must immediately be prevented from continuing such unlawful conduct lest their threats be carried out and employees either lose their livelihood or suffer other harm.

PLEASE TAKE NOTICE that upon the Application for Temporary Restraining Order and Order for Defendants to Show Cause Why a Preliminary Injunction Should Not Issue, the Affidavits of Gloria E. Colón and Joseph Roesler submitted herewith and their accompanying Exhibits, and the accompanying Memorandum of Law, the undersigned hereby moves this Court for an Order to:

1) Enjoin Defendants from terminating, suspending, harassing, suing, threatening, intimidating, or taking any other discriminatory/retaliatory action against any current and/or former employee based on Defendants' belief that such employee exercised any rights he/she has under the OSH Act, rights that include but not limited to: filing complaints with the Secretary; filing complaints with Defendants or with any other person or entity; participating in, testifying in, or cooperating in any way in an investigation by the Secretary; or otherwise seeking to voice workplace health concerns or work towards having a safe and healthy workplace;

2) Enjoin Defendants from telling any current or former employee to not speak to or cooperate with representatives of the Secretary or to provide false information to the Secretary;

3) Enjoin Defendants from suing current or former employees or other individuals because of those individuals' complaints about health and safety or because they engaged in any other protected activity under the OSH Act.

4) Require Defendants to immediately dismiss Case no. 03-CV-2015-900474.00, filed by Defendant Lear Corporation EEDS and Interiors against Kimberly King in the Circuit Court of Montgomery, Alabama;

5) Require Defendants to permit a designee of the Secretary to read the following statement to all their employees during paid work hours:

> You have a right under the Occupational Safety and Health Act to a safe and healthy workplace. You are protected by the Occupational Safety and Health Act and have the right to participate freely in the U.S. Department of Labor's investigation into the safety/health of your workplace. You have the right to speak freely with investigators or other officials from the Department of Labor. You also have the right to discuss your workplace health or safety concerns with your employer or with other people. Your employer is prohibited from retaliating against you in any way – including, but not limited to, terminating, suspending, harassing, suing, or intimidating – because you spoke with the Department of Labor or in any way complained about reasonable workplace health or safety concerns or otherwise exercised your rights under the OSH Act.

The U.S. District Court for the Southern District of Alabama has ordered Renosol and Lear, and anyone acting on their behalf, to cease retaliating in any way, including coercing, harassing, interrogating, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor or otherwise exercising their rights under the Occupational Safety and Health Act. The Court has prohibited Renosol and Lear from contacting or communicating with employees concerning any communication between employees and the Department of Labor or with other persons or entities;

6) Require Defendants to post at all Defendants' facilities a hard copy of the statement referred to in ¶6 above;

7) Require Defendants to preliminarily reinstate Kimberly King to her previous employment position with the company pending the conclusion of OSHA's investigation and final resolution thereof;

8) Prohibit Defendants from speaking to employees, either directly or through representatives acting on their behalf, regarding any communication any employee has or will have with the Secretary or any other person or entity about their workplace health concerns;

9) Enjoin Defendants from obstructing the Secretary's investigation in any manner;

10) Provide for costs and expenses to reimburse the Secretary in maintaining this Application; and

11) Order all such other relief as may be appropriate, just, and proper.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5459
 (404) 302-5438 (FAX)
Email:
Yanthis-Bailey.Yasmin@dol.gov
ATL.FEDCOURT@dol.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

CHANNAH S. BROYDE
Counsel

By:/s/ Yasmin Yanthis-Bailey
    YASMIN YANTHIS-BAILEY
    Trial Attorney
    Office of the Solicitor
    U. S. Department of Labor
    Attorneys for Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LEAR CORPORATION EEDS AND INTERIORS,<br>and RENOSOL SEATING, LLC<br>Respondents. | FILE NO. 15-205-CG-M |

## CERTIFICATE OF SERVICE

I certify that the foregoing **Plaintiff's Application for Temporary Restraining Order and to Show Cause Why a Preliminary Injunction Should Not Issue, Memorandum of Law in Support of Plaintiff's Application For a Temporary Restraining Order and Order for Defendants To Show Cause Why a Preliminary Injunction Should Not Issue, and Proposed Order Granting Temporary Restraining Order** was electronically filed with the Clerk of the Court by using CM/ECF and was served this 15th day of April, 2015, by electronic mail to: jcoleman@burr.com; mdebruge@burr.com; Fmcright@burr.com; mcowan@burr.com; and schilds@burr.com. True copies thereof shall be served by first class mail on April 15, 2015 to:

> John J. Coleman, III, Esq.
> Marcel Debruge, Esq.
> Frank McRight, Esq.
> Meryl Cowan, Esq.
> Sharonda Childs, Esq.

Burr Forman LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203

/s/Yasmin K. Yanthis-Bailey
YASMIN K. YANTHIS-BAILEY
Trial Attorney

2