# Exhibit 2

TEMPORARY RESTRAINING ORDER, ENTERED MARCH 19, 2015, BY THE MONTGOMERY COUNTY CIRCUIT COURT IN <u>LEAR CORPORATION EEDS AND INTERIORS v. KIMBERLY KING</u>.



AlaFile E-Notice

03-CV-2015-900474.00
Judge: WILLIAM A. SHASHY

To: ESPY JOSEPH CLEODUS III
jespy@mewlegal.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LEAR CORPORATION EEDS AND INTERIORS V. KIMBERLY KING
03-CV-2015-900474.00

The following matter was FILED on 3/19/2015 11:53:46 AM

Notice Date:   3/19/2015 11:53:46 AM

TIFFANY B. MCCORD
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

ELECTRONICALLY FILED
3/19/2015 11:53 AM
03-CV-2015-900474.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LEAR CORPORATION EEDS AND INTERIORS,. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. CV 2015-900474 |
| KIMBERLY KING, | )<br>) |
| Defendant. | )<br>) |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Plaintiff Lear Corporation EEDS and Interiors. ("Lear") initiated this action by Verified Complaint filed *March 19*, 2015 with simultaneous Motion for Temporary Restraining Order and Preliminary Injunction, the Affidavits of Gary Ansorge and Mike Walkowski, and other evidence. The Court concludes that the Motion for Temporary Restraining Order is due to be granted.

1. I find that Plaintiff has established a reasonable chance of success of prevailing on the merits of its claim for intentional interference with a business or contractual relations and defamation. I find Lear has a longstanding business relationship with HMMA, its only customer, Defendant Kimberly King ("King") knew or should have known of the relationship, and King repeatedly interfered with this relationship by making falsehoods to HMMA and the public about the Lear plant. I also find that King published non-privileged false statements that the Selma plant air is unsafe, knew such statements were false, and they were directed at Lear's business reputation.

23109787 v2

2. I find that Plaintiff will suffer irreparable harm if the Temporary Restraining Order is not granted. King's conduct has and will continue to jeopardize Lear's business relationships, its reputation and goodwill and the future of Lear's plant.

3. I find that there is no adequate remedy at law if the Temporary Restraining Order is not granted. Delay from enjoining King's conduct will cause further irreparable harm to Lear's plant and Lear's reputation in the community and with its customer.

4. I find that the hardship imposed on King, the party opposing the Temporary Restraining Order, does not unreasonably outweigh the benefit accruing to Lear. The order preserves the status quo and prevents King from making defamatory comments about her former employer or interfering with its only customer until such time that this Court can consider the merits.

5. I find that appropriate bond is set forth below.

6. Therefore, all requirements of Rule 65 of the Alabama Rules of Civil Procedure have been satisfied by the Plaintiff.

## **TEMPORARY RESTRAINING ORDER**

Based on the foregoing facts and conclusions of law, it is ORDERED, ADJUDGED and DECREED as follows:

Defendant Kimberly King, and any person acting in concert with her, is hereby restrained from:

> (1) Directly or indirectly, intentionally engaging in conduct that interferes with Lear's business and contractual relations;
>
> (2) Making any statements defaming Plaintiff, whether made to Plaintiff's customer or any other person or entity.

(3)  Destroying or concealing any emails and electronic records and other documents relevant to this matter pending the end of the litigation.

It is further ORDERED that Plaintiff as soon as practicable obtain a bond suitable for this purpose in the amount of $ _1000.00_.

This Order shall expire on the _30th_ day of _March_, 2015, or as otherwise ordered.

This matter is set for hearing on Plaintiff's request for a preliminary injunction on the _27_ day of _March_, 2015 in Courtroom No. _3C_, at the Montgomery County, Alabama Courthouse in Montgomery, Alabama, at _9:00 am_ o'clock.

DONE this _19_ day of _March_, 2015.

_[signature]_
CIRCUIT JUDGE

23109787 v2          3