IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 15-205-CG-M |
| ) | |
| LEAR CORPORATION EEDS AND ) | |
| INTERIORS and RENOSOL ) | |
| SEATING, LLC, ) | |
| ) | |
| Defendants. ) | |

REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), meetings were held via telephone on June 5 and 16, 2015 with the following participants:

Yasmin K. Yanthis-Bailey, Channah S. Broyde, and Monica Moukalif for Plaintiff; and

John J. Coleman, III for Defendants.

**Plaintiff requests a conference with the Court before entry of the Scheduling Order.**

1.  Position Statements.

    a.  Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor

The Occupational Safety and Health Administration, United States Department of Labor ("OSHA"), is currently investigating Defendants to determine whether they have violated § 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c) ("OSH Act" or "the Act"). The investigation was initiated after three complainants alleged that they were transferred in retaliation for engaging in protected activity under the Act.

Subsequently, at least two complainants were also suspended and, in March of this year, one of them, Kimberly King, was fired and then sued by Defendants. The investigation is actively on-going and addresses all of the aspects of all the claims, including the termination. Consequently, a final determination regarding the outcome of the investigation has not been made yet by OSHA. However, Plaintiff agrees with the Court's finding within the May 7, 2015 Order [Document 28] that "the applicable OSH Act statute makes clear this Court has jurisdiction over this matter. See also Robert F. Koets, 134 A. L. R. Fed. 629, What Constitutes Appropriate Relief for Retaliatory Discharge Under § 11(c) of Occupational Safety and Health Act (collecting district court cases on OSH Act claims brought by Secretary of Labor in accordance with 29 U.S.C. § 660(c))."

Plaintiff further agrees with the Court's finding within the May 7, 2015 Order [Document 28] that "King's participation in a video about the Renosol plant, TDI and her health, speaking to the press, and complaining to OSHA constitute protected activity." Additionally, Plaintiff agrees with the Court's conclusion within the May 7, 2015 Order [Document 28] that "Plaintiff has established a prima facie case of retaliation based on that protected activity (*i.e.* Speaking with the media, complaining to OSHA, participating in a video about the Renosol plant)."

Plaintiff has not yet filed a Complaint in this matter because the investigation is on-going and it is likely that Complaint would include additional allegations, additional defendants, and additional prayers for relief than those alleged within the pleadings seeking a preliminary injunction or addressed by the Court during the preliminary injunction proceeding. Based on the information Plaintiff has to date, Plaintiff fully expects to file a Complaint in this matter after the OSHA whistleblower investigation has concluded.

b.  Defendants Lear Corporation EEDS and Interiors and Renosol Seating, LLC

Except for the allegation that the plaintiff has not yet filed a civil action and that no determination has been made (Defendants admit these), Defendants deny Plaintiff's allegations. It is Defendants' position that this court lacks jurisdiction at this time, and nothing Defendants say in this Order can change that. Also the Secretary has not satisfied the prerequisites, jurisdictional or otherwise, to suit, and nothing defendants say in this Order

changes that. The Secretary's administrative procedure undertaken in this case violates the Fifth Amendment Due Process Clause. The Secretary cannot establish a prima facie case. Defendants had non-retaliatory reasons for its actions. The Secretary cannot prove but for retaliation, no adverse employment action would be taken. Further the Secretary cannot prove protected activity was the sole cause of adverse action. The Secretary failed to mitigate damages, and any claim for equitable relief is barred by the doctrine of laches, unclean hands and/or he who seeks equity must do equity.

Finally, contrary to Plaintiff's contentions, the court has made no ultimate "findings" but awaits with the parties a full trial on the merits in the event a determination is made and a complaint is filed.

2. Trial Date.

   Plaintiff's position: This action should be ready for trial by a reasonable date set after the conclusion of the discovery period and time for dispositive motions and at this time trial is expected to take approximately 5 days. Plaintiff does not believe that a date certain can be set at this point because the investigation is on-going and a Complaint has not yet been filed.

   Defendants' position: This action should be ready for trial by June 2016 and at this time is expected to take approximately five (5) days.

3. Pretrial Conference.

   Plaintiff requests a pretrial conference at a reasonable date before the trial of this case. Plaintiff suggests that a pretrial conference 30 days before the trial date is reasonable.

   Defendants request a pretrial conference in May, 2016.

4. Discovery Plan. The parties propose this discovery plan:

   a. All discovery commenced in time to be completed by three months before trial,

   Plaintiff's Position: Plaintiff believes that discovery should not commence before the conclusion of OSHA's investigation, Plaintiff's filing of the Complaint, and the filing of an Answer.

<u>Defendants' Position</u>: Defendants believe that discovery by rule already may proceed. <u>See</u> LR 26.1.

b.   Subjects of discovery:

<u>Plaintiff's Position</u>: Discovery will be needed with respect to: (1) allegations in a Complaint resulting from the investigation; and (2) all defenses and responsive allegations provided in response to any such Complaint.

<u>Defendants' Position</u>: Discovery will be needed with respect to: (1) all aspects of the investigation; (2) the 11(c) complaints made to OSHA by complainants; (3) the allegations of the pleadings in any resulting civil action; and (4) all defenses and responsive allegations provided in response.

5.   Initial Disclosures.

<u>Plaintiff's Position</u>:  The parties will exchange information required by Fed. Rule Civ. P 26(a)(1) within <u>30 days after an Answer is filed</u> to a Complaint that will be filed after the investigation is concluded.  In April 2015, Plaintiff already produced to Defendants the non-privileged portions of the investigation as of that date.

<u>Defendants' Position</u>: The parties will exchange by <u>June 29, 2015</u> the information required by Fed.R.Civ.P. 26(a)(1).

6.   Amendments.

<u>Plaintiff's Position</u>: The parties shall have <u>30 days after conclusion of discovery</u> to join additional parties and amend the pleadings.

<u>Defendants' Position</u>: The parties shall have until <u>June 30, 2015</u> to join additional parties and amend the pleadings.

7.   Experts.

<u>Plaintiff's Position</u>: Reports from retained experts under Rule 26(a)(2).  The parties will provide complete Rule 26(a)(2) information from all experts on or before <u>90 days before close of discovery</u>, with reports from responsive experts due <u>30 days thereafter.</u>

<u>Defendants' Position</u>: Reports from retained experts under Rule 26(a)(2).  The Plaintiff will provide complete Rule 26(a)(2) information from all experts on or before <u>ninety days before close of discovery</u>,  with reports

from responsive experts due <u>thirty days thereafter.</u>  The Defendants will provide complete Rule 26(a)(2) information from all experts on or before <u>sixty days before close of discovery</u>, with reports from responsive experts due <u>thirty days thereafter.</u>

8. Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3) are due in the dates prescribed in the final pretrial document.

9. Discovery Limits.  The parties agree as follows:

    (1) Maximum of twenty-five (25) interrogatories, including all discrete subparts, by each party to any other party.  Responses due thirty (30) days after service.

    (2) Maximum of ten (10) persons deposed by Plaintiff and ten (10) by Defendants.  Each deposition limited to maximum of one (1) day of seven (7) hours, excluding breaks, unless extended by agreement of parties.

    (3) Maximum of twenty-five (25) requests for admission by each party to any other party.  Responses due thirty (30) days after service.

    (4) Maximum of thirty (30) requests for production of documents, including all discrete subparts, by each party to any other party.  Responses due thirty (30) days after service.

10. Dispositive motions.  All potentially dispositive motions will be filed by <u>thirty days following close of discovery</u>.

11. Settlement.

    <u>Plaintiff's Position</u>: Settlement is unlikely at this time.  However, Plaintiff is amenable to discussing settlement possibilities at any time.  Settlement may be enhanced by use of the following alternative dispute resolution procedure: mediation conducted by either a magistrate judge in the Southern District of Alabama or mediation conducted by an outside third party neutral.

    <u>Defendants' Position</u>: Settlement cannot be evaluated prior to <u>January 4, 2016</u>.  The parties will report on the evaluation of settlement and whether alternative dispute resolution procedures may enhance the possibility of

        settlement at that time. However, Defendants are amenable to discussing settlement possibilities at any time.

12.    The discovery in this action will include Electronically Stored Information (ESI). The parties believe that there is a relatively inconsequential amount of ESI and that most of the documents in the case are maintained in hard copy. Depending upon the discovery sought, the parties will work together to identify potential custodians who might have generated electronic information and to the extent said information is germane to the issues, is identifiable, is not subject to any privilege, still exists and is readily accessible, the parties will produce responsive ESI in PDF format. Additionally the parties will work together to submit a proposed protective order to the Court which will provide for protections against waiver of privilege in the event of any inadvertent production.

13.    The parties will submit a consent order governing confidential materials and discovery of electronically stored information for the Court's approval.

Date:  June 17, 2015

Respectfully submitted,

| | |
|---|---|
| *Attorney for Plaintiff,* <br> *Thomas E. Perez, Secretary of Labor,* <br> *United States Department of Labor* | *Attorney for Defendants,* <br> *Lear Corporation EEDS and* <br> *Interiors and Renosol Seating, LLC* |

 *s/ Channah S. Broyde (w/consent*)
YASMIN YANTHIS-BAILEY
CHANNAH S. BROYDE
MONICA R. MOUKALIF
Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
yanthis-bailey.yasmin@dol.gov
broyde.channah@dol.gov
moukalif.monica.r@dol.gov

*s/  Edward G. Bowron*
Edward G. Bowron (BOWRE9029)
Kathryn M. Willis (WILLK8533)
**BURR & FORMAN LLP**
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

*s/  John J. Coleman, III*
John J. Coleman, III (COLEJ6234)
**BURR & FORMAN LLP**
3400 Wells Fargo Tower
420 North Twentieth Street
Birmingham, Alabama 35203
Telephone: (205) 458-5167
Facsimile: (205) 244-5623